Catlin v. Baldwin.

———◆◆———

ARTHUR D. CATLIN, RECEIVER, vs. GEORGE H. BALDWIN.

Upon the petition of certain stockholders of a manufacturing corporation, pray- ing for the appointment of a receiver and the winding up of its affairs, the court appointed a receiver, and made an order that the officers of the corpora- tion deliver up all its property to the receiver. Held that a motion in error filed by the respondent corporation operated as a supersedeas of the execution of the order of the court, and that the officers of the corporation could not be held for contempt in disobeying the order while the motion in error was pending.

MOTION for an attachment for contempt, in the Superior Court in Litchfield County. The case in which the motion was made was that of *Neville* v. *The Litchfield Carriage Com-*

*pany*, next preceding. The respondent filed an answer to the motion to which the petitioner demurred, and the questions arising on the demurrer were reserved for the advice of this court. The case is sufficiently stated in the opinion. .

*G. A. Hickox*, in support of the demurrer.

*C. B. Andrews* and *H. B. Graves*, contra.

PARDEE, J. The Superior Court appointed the petitioner receiver of The Litchfield Carriage Company, a joint stock corporation, and ordered its officers forthwith to deliver its property to him. Its president, the respondent, having refused obedience to the order, the petitioner prays that he may be committed for contempt. For answer he alleges that a motion in error was duly filed; that the questions arising thereon were reserved for the advice of this court; that he was advised by counsel that the decree was thereby suspended; · that upon such advice he refused to surrender the property; that he intends to deliver it when it shall be determined that it is his legal duty so to do; and that he is not guilty of contempt. The petitioner demurs, and the questions arising upon the record are reserved for the advice of this court.

Our system of administration of justice as a rule delays the enforcement of judgments of courts of original jurisdiction until they have been affirmed by this court, if the parties to be affected thereby have exercised their right to bring their causes here. The case in which the order in question was made was simply a contest between stockholders as to the time when and manner in which the corporate business should be closed, and the order is a special form for executing the judgment of the court that it should be closed by the intervention of a receiver. The contest by statutory permission was upon the equity side of the court, but it was in effect an effort on the part of the petitioners to reclaim at once their investment in the corporate shares—practically a money demand; and in such causes, under our practice, the filing of the motion in error suspends execution.

The case is to be distinguished from that of *Tyler* v. *Ham-*

---

*ersley*, 44 Conn., 414, which was a peremptory mandamus issued after the questions in the case had been reviewed and decided by this court.

We advise the Superior Court to deny the prayer of the petitioner.

In this opinion the other judges concurred.